JOSHUA B. SIMPSON, appellant, *v.* SETH A. RANLETT, appellee.

*Appeal from Putnam.*

In an action of *assumpsit* upon an assigned note, the declaration contained the following averment, to wit: "And the said Isaac Burnett then and there *indorsed* the same to the said plaintiff, whereof the said defendant then and there had notice," &c. *Held,* that the declaration was good. *Held,* also, that no particular form of words is necessary to constitute a valid assignment under the statute, if the instrument be under the hands of the first indorser, or that of his assignee or assignees, subsequent to the first indorsement.

ASSUMPSIT in the Putnam Circuit Court, brought by the appellee against the appellant, and heard at the November term 1845, before the Hon. John D. Caton, on a demurrer to the declaration. The demurrer was overruled, and the defendant abiding by the demurrer, the Court rendered a judgment for the plaintiff for $391·64.

*A. Lincoln,* for the appellant, as to the averment of the indorsement, cited *Sappington* v. *Pulliam,* 3 Scam. 385.

*E. N. Powell & W. F. Bryan,* for the appellee.

Under our statute, promissory notes are assignable by indorsement in the same manner that bills of exchange are. Rev. Stat. 384, § 4; 2 Chitty's Pl. 124.

In a declaration by the indorsee against the maker, it is not advisable to allege that it was under the hand writing of the maker. Chitty on Bills, 551, 572.

As to the mode of stating the indorsement, see Chitty on Bills, 569, 572.

The declaration must be according to the legal effect, &c. *Manhattan Co.* v. *Ledyard,* 1 Caines, 192; Chitty on Bills, 564, 566. "His own proper hand thereunto subscribed," should be omitted. Ibid, 570. It not necessary to aver a delivery. Ibid, 569, note.

The Opinion of the Court was delivered by

YOUNG, J.*  This was an action of *assumpsit*, commenced at the November term of the Putnam Circuit Court, 1845, by Seth A. Ranlett, the plaintiff below, against Joshua B. Simpson, and the damages laid at six hundred dollars. The declaration contains two counts; the first declares upon a promissory note made by Simpson to Isaac Burnett for $323·64, dated at St. Louis, December 2, 1841, payable five months after, and indorsed by Burnett to Ranlett, the day on which it was executed; and the second for money lent, for money received to the plaintiff's use, and for money due to the plaintiff on settlement, &c.

The defendant below, interposed a *demurrer* to the first count, to which there was a joinder; and pleaded *non assumpsit* to the second count, upon which an issue was made to the country. The Court upon argument, overruled the demurrer, and the defendant, Simpson, abiding by the decision thereon, the plaintiff, Ranlett, thereupon entered a *nolle prosequi* as to the second count of the declaration.

The Court then ordered the clerk to assess and report the damages upon the first count, who assessed and reported the same at $391·64, which was approved by the Court, and judgment rendered therefor, in favor of the plaintiff, Ranlett, as well as for his costs; from which judgment, the defendant, Simpson, has prosecuted an appeal to this Court, and assigns for error the following causes:

1.  The Circuit Court erred in overruling the defendant's demurrer to the first count of the plaintiff's declaration; and

2.  The judgment should have been for the defendant and not for the plaintiff.

The only question presented for the consideration of this Court, is in relation to the sufficiency of the averment in the first count of the plaintiff's declaration as to the assignment of the note declared upon, by Burnett to Ranlett, to enable Ranlett to maintain the action in his own name against Simpson.

---

* WILSON, C. J., and Justices SCATES and BROWNE did not sit in this case.

The declaration, after stating the making of the note by Simpson to Burnett in the usual form, contains this averment as to the indorsement: "and the said Isaac Burnett then and there indorsed the same to the said plaintiff, whereof the said defendant then and there had notice, &c." This averment of the indorsement, the counsel for the appellant, Simpson, insists, does not set forth such an assignment of the note, as is required to be made by our statute, and that consequently the appellee, Ranlett, cannot maintain this action against him in his own name as indorsee.

The fourth section of the 73d chapter of the Revised Statutes of 1845, p. 384, which provides that promissory notes, bonds, due bills, and other instruments in writing, shall be assignable by indorsement thereon, in the same manner as bills of exchange are, reads as follows: "Any such note, bond, bill, or other instrument in writing, made payable to any person or persons, shall be assignable by indorsement thereon, under the hand or hands of such person or persons, and by his, her or their assignee or assignees, in the same manner as bills of exchange are, so as absolutely to transfer and vest the property thereof, in each and every assignee or assignees successively." I will, in the first place, enquire as to the manner in which bills of exchange are made assignable by indorsement; and in the second, how the indorsement, when thus made, is to be set forth by way of averment in the plaintiff's declaration, so as to enable the indorsee to sue and recover in his own name, under that provision in our statute.

I find upon examination of the English statutes that there is no legislative provision, as to the form or requisites of an indorsement of a bill of exchange, (except in the case of bills under £5); and that the several modes of transfer depend on the terms of the instrument to be indorsed, as whether it be payable to the bearer, or the order of the drawer or payee, as in the former case the bill will be transferrable by delivery, and in the latter by indorsement, which may be made either in blank, in full, conditional or restrictive. The writing of one's name on the back of a bill of exchange, or a promissory note payable to order, is what is usually called an

indorsement. An indorsement in blank is made by simply writing the name of the indorser on the back of the instrument to be assigned; and an indorsement in full is when mention is made also of the name of the indorsee with proper words to denote the intention of the indorser. A restrictive indorsement may restrain the negotiability of a bill by using express words to that effect, as by indorsing it, "payable to J. S. only," or by using other words clearly demonstrating his intention to do so. Douglass, 637. The indorser may also make his indorsement conditional, and if the condition be not performed it will be invalid. 4 Taunton, 30. A qualified indorsement is one which passes the property in the bill to the indorsee, but is made without any responsibility to the indorser, as where it is made without recourse. 7 Taunton, 160. But it is not to be understood that an indorsement may not be made otherwise than upon the back of the bill or note.

It has also been considered essential in most, although not in all the cases mentioned, in order to complete the purposes of a legal transfer of such an instrument, that it should be delivered to the person for whose benefit it is transferred, or to some person for his benefit. But the allegation in pleading, that one person indorsed the bill to another, sufficiently imports a transfer without any express averment of delivery, which is held not to be necessary. Chitty on Bills, 226, 236.

In Story's Commentaries on the law regulating bills of exchange, it is said that "in cases where an indorsement is necessary, as it is upon all bills payable to order, no particular form of words is indispensable to be used. That it is in general sufficient if there be the signature of the indorser affixed, without any other words being used by the person making the indorsement; and if any other words are placed over or precede the signature, it is sufficient if they import a present intent to transfer the same thereby. Story on Bills of Exchange, 225, § 204.

It will be thus seen that no particular form of words is necessary to constitute a valid assignment under our statute, if the indorsement be under the hand of the first indorser, or

that of his assignee or assignees, subsequent to the first indorsement.

Promissory notes, it seems, were not transferrable by indorsement and made negotiable as bills of exchange in England, until by Act of Parliament of 3 & 4 Anne, chap. 9, and made perpetual by 7 Anne, chap. 25, § 3, at which time it was enacted for the purpose of encouraging trade and commerce, "that all notes in writing for the payment of money shall be assignable by indorsement in the same manner that inland bills of exchange are according to the custom of merchants; and that such assignee or indorsee may maintain an action in his own name upon such instrument, in the like manner as upon inland bills of exchange." Chitty on Bills, 517, 518.

The language of the English Act of Parliament, so far as the assignment is concerned, is almost identical with that contained in our own statute, and the rules of pleading, therefore, ought not in practice to vary in any essential particular; uniformity in precedent and decision being always an important desideratum in our Courts of justice, unless very strong reasons should render it proper and necessary that the rule should be changed, which should always be done with reluctance. It is only necessary then to ascertain what that practice is, and to conform our opinion to the well established precedents upon the subject of averment, in cases in all respects similar to the one now under consideration.

In Chitty on Bills, 572, it is stated as matter of law and practice, that "in describing the indorsement it is not advisable to allege that the indorser's hand writing was thereunto subscribed." And in the precedent on 2 Chitty on Pl. 124, 125, where the declaration is by an indorsee against the maker of a note, the averment as to the indorsement is, "and the said E. F. to whom the payment of the said sum of money in the said promissory note specified, to wit, on the day and year aforesaid, at, &c., indorsed the said promissory note, by which said indorsement he, the said E. F., then and there ordered and appointed the said sum of money in the said promissory note specified to be paid to the said plaintiff,"

&c. See, also, the precedent in Chitty on Bills, 551, 552. Here it will be perceived, that so far from an averment being required in the declaration that the indorsement was under the hand of the payee or indorser of the note, that it is omitted altogether in the precedent in 2 Chitty on Pl., and stated in Chitty on Bills, not to be advisable so to allege.

In the case of *Marvin* v. *Slaughter*, 4 Blackf. 529, the action was *assumpsit* by the assignee of a promissory note against the maker, and the declaration stated the indorsement as follows: "and the said A., the payee, then and there under his own proper hand indorsed and delivered the said promissory note to the plaintiff, by means whereof," &c. There was a special demurrer to the declaration, because it did not state that the note was assigned by indorsement thereon under the hand of the payee in the language of the statute. *Held*, that there was no ground for the demurrer.

We think, upon the whole, that the declaration is good, and that the defendant's demurrer for the want of a sufficient averment in the indorsement was properly overruled, and that there was no error in the subsequent rendition of judgment upon the demurrer for the amount of the damages as assessed by the clerk under the direction of the Court.

Judgment affirmed with costs.

*Judgment affirmed.*